IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFREDO NANDIN | § |
| | § CIVIL ACTION NO. 4:19-CV-988 |
| | § |
| V. | § |
| | § |
| | § |
| | § |
| GEOVERA SPECIALTY | § |
| INSURANCE COMPANY | § |

**DEFENDANT, GEOVERA SPECIALTY
INSURANCE COMPANY'S ORIGINAL ANSWER**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

GeoVera Specialty Insurance Company ("GeoVera"), files this, its Original Answer to Plaintiff, Alfredo Nandin's Original Petition ("Complaint"). In support of this Answer, GeoVera, shows:

1. GeoVera admits the allegations contained in Paragraph 1 of the Complaint.

2. GeoVera admits it does business in the State of Texas; however, to the extent Plaintiff attempts to assert GeoVera is a Texas Corporation, this is denied.

3. Paragraph 3 of the Complaint recites a Texas state court procedure that is inapplicable in this removed action. Discovery in this matter will be conducted in accordance with the Federal Rules of Civil Procedure.

4. Paragraph 4 of the Complaint recites a Texas state court procedure that is inapplicable in this removed action. GeoVera admits the jurisdictional limits for Federal District Court are established by the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint recites a Texas state court jurisdiction procedure that is inapplicable in this removed action. GeoVera admits that this Federal District Court has jurisdiction to hear this case. GeoVera denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint recites a Texas state court venue procedure that is inapplicable in this removed action. GeoVera admits the loss occurred in Harris County and the venue is proper in this Federal District Court.

7.      GeoVera admits that it issued Policy No. GC40017606 (the "Policy") to Plaintiff, subject to all of the terms and conditions in the Policy. The Policy speaks for itself.

8.      GeoVera admits Hurricane Harvey hit the Texas Gulf Coast. GeoVera admits Plaintiff filed a claim on the Policy. GeoVera denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      GeoVera denies the allegations contained in Paragraph 9 of the Complaint.

10.     GeoVera admits an adjuster was assigned to Plaintiff's claim. GeoVera denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     GeoVera denies the allegations contained in Paragraph 11 of the Complaint.

12.     GeoVera denies the allegations contained in Paragraph 12 of the Complaint.

13.     Plaintiff incorporates his prior paragraphs in Paragraph 13; therefore, GeoVera incorporates its answers to the preceding paragraphs of the Complaint as though fully set forth herein.

14.     GeoVera admits that it issued the Policy to Plaintiff, subject to all of the terms and conditions in the Policy. The Policy speaks for itself. GeoVera denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     GeoVera denies the allegations contained in Paragraph 15 of the Complaint.

16. GeoVera denies the allegations contained in Paragraph 16 of the Complaint.

17. GeoVera admits to the allegations contained in Paragraph 17 of the Complaint.

18. GeoVera denies the allegations contained in Paragraph 18 of the Complaint.

19. GeoVera denies the allegations contained in Paragraph 19 of the Complaint.

20. GeoVera denies the allegations contained in Paragraph 20 of the Complaint.

21. GeoVera denies the allegations contained in Paragraph 21 of the Complaint.

22. GeoVera is without sufficient information to admit the allegations contained in Paragraph 22 of the Complaint.

23. GeoVera denies the allegations contained in Paragraph 23 of the Complaint.

24. GeoVera denies the allegations contained in Paragraph 24 of the Complaint.

25. GeoVera denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint recites discovery requests under Texas state court rules that are inapplicable in this removed action.

27. Paragraph 27 of the Complaint recites discovery requests under Texas state court rules that are inapplicable in this removed action.

28. GeoVera denies that Plaintiff is entitled to any of the relief listed in the Prayer of the Complaint.

## **DEFENSES**

### **Failure to State a Claim**

29. Plaintiff's claims are barred in whole or in part, because the Petition fails to state a claim on which relief can be granted. Plaintiff failed to describe how GeoVera' alleged breach of the insurance contract could be converted to support any other causes of action including but not limited to, violations under the Texas Insurance Code.

## Policy Provisions Limit or Preclude Coverage

30. The insurance Policy issued by GeoVera contains exclusions, provisions and endorsements that preclude or limit coverage, for certain claims, in whole or in part. Relevant Policy provisions include, without limitation, the following:

**Residential Coverage**
**DECLARATIONS**
. . . . .

| POLICY COVERAGE(S) | LIMITS |
|---|---|
| **Section I** | |
| A – Dwelling | $133,000 |
| B – Other Structures | $13,300 |
| C – Personal Property | $66,500 |
| D – Loss of Use | $26,600 |

. . . . .

| SECTION I DEDUCTIBLE | WINDSTORM/HAIL DEDUCTIBLE |
|---|---|
| $3,990 | $3,990 |

. . . . .

**HOMEOWNERS 3 – SPECIAL FORM**

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

. . . . .

**SECTION I – PROPERTY COVERAGES**

**COVERAGE A (DWELLING)**
*(As endorsed by US 04 42 (03-15)):*
**A.  Coverage A – Dwelling**
    1.    We cover:
        a.    The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
        b.    Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence

     premises."
  2. We do not cover:
    a. Land, including land on which the dwelling is located; or
    b. "Swimming pool enclosure(s) and/or patio enclosure(s)". This exclusion does not apply to an enclosure that is fully covered by the "roof" of the main dwelling covered under this policy.
    c. Swimming pools or other structures set apart from the dwelling by a clear space except as provided in Coverage B – Other Structures.

**B.**  **Coverage B – Other Structures**
  1. We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes swimming pools or structures connected to the dwelling by only a walkway, fence, utility line, or similar connection.
  2. We do not cover:
    a. Land, including land on which the other structures are located;
    b. Other structures rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.
    c. Other structures from which any "business" is conducted; or
    d. Other structures used to store "business" property.  However, we do cover a structure that contains "business" property solely owned by an "insured" or a tenant of the dwelling, provided that "business" property does not include gaseous or liquid fuel, other than fuel in a permanently installed fuel tank of a vehicle or craft parked or stored in the structure.

  3. The limit of liability for this coverage will not be more than 10% of the limit of liability that applies to Coverage A.  Use of this coverage does not reduce the Coverage A Limit of Liability.

     · · · · ·

**E.**  **Additional Coverages**
  1. **Debris Removal**
    a. We will pay your reasonable expense for the removal of:
     (1) Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss; or

     · · · · ·

    This expense is included in the limit of liability that applies to the damaged property. If the amount to be paid for the actual damage to the property plus the debris removal expense is more than the limit of liability for the damaged property, an additional 5% of that limit is available for that expense.

     · · · · ·

*(As endorsed by US 04 42 (03-15)):*
  2. **Reasonable Repairs**
    a. We will pay the reasonable cost incurred by you for the necessary measures taken solely to protect covered property that is damaged by a Peril Insured Against

from further damages.
b.  If the measures taken involve repair to other damaged property, we will only pay if that property is covered under this policy and the damage is caused by a Peril Insured Against. This coverage does:
1.  Increase the limit of liability that applies to the covered property; or
2.  Relieve you of your duties, in case of a loss to covered property, described in C.F. under Section I – Conditions.

. . . . .

## SECTION I – PERILS INSURED AGAINST

A.  **Coverage A – Dwelling And Coverage B – Other Structures**
1.  We insure against direct physical loss to property described in Coverages A and B.
2.  We do not insure, however, for loss:
    a.  Excluded under Section I – Exclusions;

    . . . . .

    c.  Caused by:

    . . . . .

    (6)  Any of the following:
        (a)  Wear and tear, marring, deterioration;
        (b)  Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;

    . . . . .

## SECTION I – EXCLUSIONS

A.  We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . . . .

3.  **Water**
    This means:
    a.  Flood, surface water, waves, including tidal waves, and tsunami tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;
    b.  Water which:
        (1)  Back up through sewers or drains; or
        (2)  Overflows or is otherwise discharged from a sump, sump pump or related equipment;
    c.  Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway,

   patio, foundation, swimming pool or other structure; or
  d. Waterborne material carried or otherwise moved by any of the water referred to in A.3.a. through A.3.c. of this exclusion.

    · · · · ·

 5. **Neglect**
  Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

    · · · · ·

B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

 1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in A. above to produce the loss.
 2. Acts or decisions, including the failure to act or decide, of any person, group, organization, or government body.
 3. Faulty, inadequate or defective:
  a. Planning, zoning, development, surveying, siting;
  b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
  c. Materials used in repair, construction, renovation or remodeling; or
  d. Maintenance;
 of part or all of any property whether on or off the "residence premises".

## SECTION I – CONDITIONS

A. **Insurable Interest And Limit Of Liability**
Even if more than one person has an insurance interest in the property covered, we will not be liable to any one loss:
 1. To an "insured" for more than the amount of such "insured's" interest at the time of the loss; or
 2. For more than the applicable limit of liability.

B. **Deductible**
Unless otherwise noted in this policy, the following deductible provision applies:
With respect to any one loss:
 1. Subject to the applicable limit of liability, we will pay only that part of the total of all loss payable that exceeds the deductible amount shown in the Declarations.
 2. If two or more deductibles under this policy apply to the loss, only the highest deductible amount will apply.

C. **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

1. Give prompt notice to us or our agent;

. . . . .

4. Protect the property from further damage. If repairs to the property are required, you must:
   a. Make reasonable and necessary repairs to protect the property; and
   b. Keep an accurate record of repair expenses;
5. Cooperate with us in the investigation of the claim;

*(As endorsed by US 04 42 (03-15)):*

6. Prepare an inventory of damaged personal property showing the quantity, description, age, actual cash value and amount of loss. Attach bills, receipts and related documents that establish ownership of the damaged personal property and justify the figures in the inventory;
7. As often as we reasonably require:
   a. Show the damaged property;
   b. Provide us with records and documents we request and permit us to make copies;
   c. Submit to examination under oath, while not in the presence of another 'insured', and sign the same;

. . . . .

8. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
   a. The time and cause of loss;
   b. The interests of all "insureds" and all others in the property involved and all liens on the property;
   c. Other insurance which may cover the loss;
   d. Changes in title or occupancy of the property during the term of the policy;
   e. Specifications of damaged buildings and detailed repair estimates;
   f. The inventory of damaged personal property as described in 6. above.
   g. Receipts for additional living expenses incurred and records that support the fair rental value loss; and
   h. Evidence or affidavit that support s a claim under E.6. Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I – Property Coverages, stating the amount and cause of loss.

D. **Loss Settlement**

In this Condition D., the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is

provided in E.11. Ordinance or Law under Section I – Property Coverages. Covered property losses are settled as follows:
1. Property of the following types:

 . . . . .
   c. Structures that are not buildings; and
   d. Grave markers, including mausoleums;

   at actual cash value at the time of loss but not more than the amount required to repair or replace.
2. Buildings covered under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
   a. If, at the time of the loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:
      (1) The limit of liability under this policy that applies to the building;
      (2) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or
      (3) The necessary amount actually spent to repair or replace the damaged building.

      If the building is rebuilt at a new premises, the cost described in (2) above is limited to the cost which would have been incurred if the building had been built at the original premises.
   b. If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:
      (1) The actual cash value of that part of the building damaged; or
      (2) That portion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged buildings bears to 80% of the replacement cost of the building.
   c. To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:
      (1) Excavations, footings, foundations, piers, or any other structures or devices that support all or part of the building, which are below the undersurface of the lowest basement floor;

(2) Those supports described in (1) above which are below the surface of the ground inside the foundation walls, if there is no basement; and
(3) Underground flues, pipes, wiring and drains.

*(As endorsed by US 04 42 (03-15)):*
d. We will pay no more than the actual cash value of the damage until the repairs are started or completed. We will initially pay at least the actual cash value of the insured loss, less any applicable deductible. We will pay any remaining amount necessary to perform such repairs as work is performed and expenses incurred and you provide us with verifiable copies of paid receipts for work that is completed. We will not require you to advance payment for such repairs or expenses, with the exception of incidental expenses to mitigate further damages.

However, if the cost to repair or replace the damage is both:
(1) Less than 5% of the amount of insurance in this policy on the building; and
(2) Less than $2,500;
We will settle the loss as noted in 2.a. and b. above whether or not actual repair or replacement is complete.

e. You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition D. Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building.

. . . . .

*(As endorsed by US 04 90 (03-15)):*

**PERSONAL PROPERTY REPLACEMENT COST LOSS SETTLEMENT**

A. **Eligible Property**
1. Covered losses to the following property are settled at replacement cost at the time of the loss:
   a. Coverage C; and
   b. If covered in this policy:
      (1) Awnings, outdoor antennas, and outdoor equipment; and
      (2) Carpeting and household appliances;
   Whether or not attached to buildings.

2. This method of loss settlement will also apply to the following articles or classes of property if they are separately described and specifically insured in this policy

and not subject to agreed value loss settlement:
a. Jewelry;
b. Furs and garments;
    (1) Trimmed with fur, or
    (2) Consisting principally of fur;
c. Cameras, projection machines, films and related articles of equipment;
d. Musical equipment and related articles of equipment;
e. Silverware, silver-plated ware, goldware, gold-plated ware, and pewterware, but excluding:
    (1) Pens or pencils;
    (2) Flasks;
    (3) Smoking implements; or
    (4) Jewelry; and
f. Golfer's equipment meaning golf clubs, golf clothing, and golf equipment.

Personal Property Replacement Cost loss settlement will not apply to other classes of property separately described and specifically insured.

B. **Ineligible Property**
Property listed below is not eligible for replacement cost loss settlement. Any loss will be settled at actual cash value at the time of loss but not more than the amount required to repair or replace.
1. Antiques, fine arts, paintings, and similar articles of rarity or antiquity, which cannot be replaced.
2. Memorabilia, souvenirs, collectors items, and similar articles, whose age or history contribute to their value.
3. Articles not maintained in good or workable condition.
4. Articles that are outdated or obsolete and are stored or not being used.

C. **Replacement Cost Loss Settlement Condition**
The following loss settlement condition applies to all property described in A. above:
1. We will pay no more than the least of the following amounts:
    a. Replacement cost at the time of loss without deduction for depreciation;
    b. The full cost of repair at the time of loss;
    c. The limit of liability that applies to Coverage C, if applicable;
    d. Any applicable special limits of liability stated in this policy; or
    e. For loss to any item described in A.2.a –f. above, the limit of liability that applies to that item.
2. If the cost to repair or replace the property described in A. above is more than $500, we will pay no more than the actual cash value for loss until the actual repair or replacement is complete.
3. You may make a claim for loss on an actual cash value basis and then make claim for any additional liability in accordance with this endorsement provided you notify us, within 180 days after the date of the loss, of your intent to repair or

replace the damaged property, and the repair or replacement of the damaged property is completed within 365 days after the date of loss, unless you request in writing that this time be extended for an additional 180 days.

· · · · ·

## SECTION I AND II – CONDITIONS

· · · · ·

B. **Waiver Or Change Of Policy Provisions**
A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

· · · · ·

*(As endorsed by US 04 42 (03-15)):*
I. **Concealment Or Fraud**
The entire policy will be voidable if, regardless of whether related to a loss, any "insured", their agent, or their broker:
1. Conceals or misrepresents any material fact or circumstance;
2. Engages in fraudulent conduct; or
3. Makes false statements;
relating to this insurance.

We consider all information provided, or that should have been provided, and all questions asked on the on-line application for this policy to be material.

· · · · ·

*(As endorsed by US 04 42 (03-15)):*
L. **Service of Suit**
If we fail to pay any amount claimed to be due under this policy and you sue us, we will, at your request, submit to the jurisdiction of a court of competent jurisdiction within the United States. Service of process in such suit may be made on us at the following address: Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. Service of process in such suit may also be made on the Superintendent, Commissioner, or Director of Insurance for the state in which the suit is being filed, if the law so provides. We designate that appropriate officer, or that officer's successor, to mail a copy of the papers to us.

Nothing in this condition constitutes a waiver of our right to bring an action in any court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another court as permitted by law.

· · · · ·

## *Bona Fide* Controversy/Liability Not Reasonably Clear

31. As to Plaintiff's extra-contractual claims, a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from GeoVera, and GeoVera has the right to value claims differently from those asserting claims under the Policy without facing bad faith liability. GeoVera will show that a *bona fide* controversy existed and continues to exist regarding any alleged further covered loss.

## Due Process

32 To the extent Plaintiff prays for punitive or exemplary damages, GeoVera invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. GeoVera affirmatively pleads that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1. Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2. A jury award of punitive or exemplary damages need only be based on the vote of ten jurors and does not require a unanimous verdict;

3. To obtain an award of punitive or exemplary awards, Plaintiff need only prove "knowing" violations by the preponderance of the evidence standard and not beyond a reasonable doubt as should be required when punishment awards are assessed;

4. GeoVera and its officers, all of whom are subject to any award, do not have the right to refuse to testify against themselves, but must in fact take the stand or give deposition testimony or subject the company to the consequences of a default judgment;

5. The assessment of punitive or exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites of such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means, scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

6. In essence, GeoVera is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but GeoVera receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

## Equal Protection

33. To the extent Plaintiff prays for punitive or exemplary damages, such request should be denied because it violates GeoVera' equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

## Punitive Damage Limitation

34. Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

## Damage Limitation

35. Plaintiff's damages, if any, are limited by the amounts set forth in the limitation provisions of the Policy. Plaintiff's contract damages cannot exceed the applicable Policy limits. In addition, Plaintiff's damages cannot exceed any stipulated damage limitation or damages requested in the Petition, if any.

## Reliance on Case Law

36. GeoVera reasonably relied on case law from the state and federal courts in Texas, which supports GeoVera' interpretation of the Policy as it relates to Plaintiff's claims.

**Failure to Satisfy Conditions Precedent**

37. Plaintiff did not plead with specificity, the performance or occurrence of all conditions precedent.[1] GeoVera demands strict proof that each and every condition precedent was performed or has occurred.[2] To the extent a Policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy. Specifically, Plaintiff failed to prove that the alleged loss was a covered loss, and Plaintiff has failed to segregate the portion of the alleged loss that they claim is covered from the portion of the alleged loss that is not covered.

**Credit/Offset**

38. In the event Plaintiff prevails on all or part of his claims, any recovery must be offset against amounts already paid to Plaintiff by GeoVera in connection with the claims made the subject of this suit, if any. In the alternative, in the event Plaintiff prevails on all or part of their claims, GeoVera is entitled to a credit for all amounts already paid by any party or entity to Plaintiff for the alleged damage that is the subject of this suit, if any. GeoVera is entitled to a credit or offset for all Policy benefits paid to Plaintiff for the claims under the Policy, if any.

**Payment and Accord and Satisfaction**

39. GeoVera further affirmatively pleads the defenses of payment, and accord and satisfaction. Any previous payments to Plaintiff are a defense to Plaintiff's claims for damages. Any previous payments to Plaintiff are an accord and satisfaction of Plaintiff's damages to the extent of those payments, if any.

**RESERVATION OF RIGHT TO APPRAISAL**

40. To the extent that Plaintiff presents evidence inconsistent with GeoVera' investigation and

---

[1] *See* TEX. R. CIV. P. 54.
[2] *See Grimm v. Grimm,* 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ).

conclusion regarding the amount of loss or cost of repair under the policy at issue, and the parties are unable to reach an agreement to resolve this matter, GeoVera reserves, and does not waive, the right of any party to invoke appraisal. The Policy contains an appraisal clause allowing either party to the insurance Policy contract to invoke the appraisal process in the event that there is a disagreement concerning the amount of loss for covered losses under the Policy.

## EXCESSIVE DEMAND

41. GeoVera asserts the affirmative defense of Excessive Demand. Plaintiff's demands under the policy have been unreasonable in light of the facts and damages existing in this case.

## JURY DEMAND

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GeoVera demands a trial by jury in this action of all issues so triable.

WHEREFORE, Defendant GeoVera Specialty Insurance Company prays that, upon final trial and hearing, Plaintiff takes nothing and that GeoVera recover its costs, fees, and expenses, and for such other further relief to which it may show itself justly entitled, both at law and in equity.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

  /s/ Donna F. Thomisee
Donna F. Thomisee
FBN: 8722
TBN: 02705550
dthomisee@lawla.com
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996
ATTORNEY FOR DEFENDANT
GEOVERA SPECIALTY
INSURANCE COMPANY,

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I caused the foregoing Original Answer to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system

☒ emailed to the following counsel of record:

Maria Gerguis
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098

*/s/ Donna F. Thomisee*
Donna F. Thomisee
